# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>               Plaintiff,<br><br>    v.<br><br>FATEMAH SANIEFAR, d/b/a ZLFRED'S; GHOLAMREZA SANIEFAR d/b/a ZLFRED'S; ZLFRED'S, INC., a California corporation; ALIREZA SANIEFAR, Trustee of the BOST TRUST,<br><br>               Defendants.<br>_____/ | Case No. 1:14-cv-01067-SKO<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(Doc. 27) |

## I. INTRODUCTION

On May 1, 2015, Defendants Fatemeh Saniefar, Gholamreza Saniefar, Zlfred's, Inc., and Alireza Saniefar, Trustee of the Bost Trust (collectively, "Defendants") filed a Motion for Judgment on the Pleadings. (Doc. 27.) Plaintiff Ronald Moore ("Plaintiff") opposed Defendants' Motion on May 20, 2015 (Doc. 28); on May 27, 2015, Defendants filed a reply in support of their motion (Doc. 29). The Court reviewed the pleadings and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g); as such, the hearing on the motion is vacated.

For the reasons set forth below, the Court GRANTS IN PART Defendants' Motion for Judgment on the Pleadings.

## II.   PROCEDURAL BACKGROUND

On July 8, 2014, Plaintiff filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959. (Doc. 1.) The complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and declaratory and injunctive relief. (Doc. 1.) Plaintiff alleges that he requires the use of a wheelchair when traveling in public (Doc. 1, ¶ 8), and the property that is the subject of this suit, Zlfred's Restaurant (the "Restaurant"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility (Doc. 1, ¶ 10).

Defendants were served with the Complaint on August 6, 2014 (Docs. 6; 7; 8; 9) and Defendants filed their answer on September 9, 2014 (Doc. 17). Plaintiff filed his First Amended Complaint ("FAC") on January 13, 2015 (Doc. 25), and Defendants filed their answer on February 26, 2015 (Doc. 26). On May 1, 2015, Defendants filed a motion for judgment on the pleadings, which is currently pending before the Court. (Doc. 27.)

## III.   FACTUAL BACKGROUND

Defendants Fatemeh Saniefar and Gholamreza Saniefar are shareholders, officers, and employees of Zlfreds, Inc., a California corporation. (Doc. 27-4, ¶ 3.) Zlfred's Restaurant is legally owned and operated by Zlfreds, Inc., and is not a sole proprietorship.[1] (Doc. 27-1, p. 2.) The property where the Restaurant was located is owned by the Bost Trust ("Defendant Landlord"). (*See* Doc. 28-4, Exh. C.)

At the initiation of this litigation, during a meet and confer call on or around September 25, 2014, Defendants' counsel informed Plaintiff's counsel that Zlfred's, Inc., legally owned and operated the Restaurant. (Doc. 27-3. ¶ 4.) Defendants' counsel asked Plaintiff's counsel to identify legal grounds for maintaining suit against the non-corporate, individual defendants. (Doc. 27-3, ¶ 4.)

---

[1] A sole proprietorship is not a legal entity separate from its individual owner. *Ball v. Steadfast-BLK*, 196 Cal. App. 4th 694, 701 (2011). Unlike shareholders in a corporation such as Zlfred's, Inc., the conduct of a sole proprietor is generally imputed to the individual who runs the sole proprietorship.

According to Defendants, Plaintiff's counsel was unable to offer a reason supporting maintaining the suit against the non-corporate, individual defendants but indicated that she would investigate and correct any error in naming the defendants. (Doc. 27-3, ¶¶ 4; 5.)  Defendants allege that since that initial conversation, they have repeatedly requested that Plaintiff dismiss the non-corporate, individual defendants from the complaint. (Doc. 27-1, p. 2.)

Subsequent to the filing of the FAC, the Restaurant ceased operation and permanently closed on or around March 15, 2015, due to Defendants Fatemeh Saniefar and Gholamreza Saniefar's age and declining health and unsuccessful attempt to hire new management to continue operations after their retirement. (Doc. 27-4, ¶¶ 4; 5.)  The property has since been leased to a different restaurant owned and operated by an unrelated party, "Yem Kabob." (*See* Docs. 27-3; 27-4; 28.)

### IV.  JUDICIAL NOTICE

Court documents and other matters of public record are the proper subject of judicial notice.  *See Reyn's Pasta Bella, LLC, v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  However, even where judicial notice of a document is granted, it is the existence of such a document and not the truth of the matters asserted within the document that is judicially noticed.  *See Rowland v. Paris Las Vegas*, No. 3:13-CV-02630, 2014 WL 769393, at *3 (S.D. Cal. Feb. 25, 2014).  Defendants request judicial notice of public records available from the California Secretary of State, a corporate status report, and from the County of Fresno, California, a Fictitious Business Name Certificate. (Doc. 27-2, Exhs. A and B.)  Plaintiff requests judicial notice of copies of court filings. (Doc. 28-5, Exhs. A and B.)  Such documents are proper subjects of judicial notice insofar as the fact that such documents exist – the contents of the documents are *not* the subject of judicial notice.  The parties' requests for judicial notice of these documents are GRANTED.

### V.  LEGAL STANDARD

After the pleadings are closed, any party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c).

A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6).  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192

1 (9th Cir. 1989). It is properly granted where "the moving party clearly establishes on the face of
2 the pleadings that no material issue of fact remains to be resolved and that it is entitled to
3 judgment as a matter of law." *George v. Pacific-C.S.C. Work Furlough*, 91 F.3d 1227, 1229 (9th
4 Cir. 1996).

5 In considering both motions to dismiss and for judgment on the pleadings, the court's
6 inquiry focuses on the interplay between the factual allegations of the complaint and the
7 dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).
8 Courts "must presume all factual allegations of the complaint to be true and draw all reasonable
9 inferences in favor of the nonmoving party." *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir.
10 1987). This rule does not, however, apply to "a legal conclusion couched as a factual allegation,"
11 *Papasan v. Allain*, 478 U.S. 265, 286 (1986), quoted in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
12 555 (2007), or to "allegations that contradict matters properly subject to judicial notice," *Sprewell*
13 *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

14 When "matters outside the pleadings are presented to and not excluded by the court, the
15 motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The
16 court "may consider certain materials without converting the motion for judgment on the
17 pleadings into a motion for summary judgment. Such materials include . . . matters of judicial
18 notice." T*umlinson Group, Inc. v. Johannessen*, No. 2:09-cv-1089, 2010 WL 4366284 at *3
19 (E.D. Cal. Oct. 27, 2010) (citations omitted); *see also Lee v. City of L.A.*, 250 F.3d 668, 688-89
20 (9th Cir. 2001) (holding court may properly take judicial notice of "matters of public record"
21 without converting to summary judgment motion).

## VI. DISCUSSION

23 Defendants contend that the two individually named defendants, Fatemeh Saniefar and
24 Gholamreza Saniefar, are improper parties to the action because the Restaurant was owned by a
25 corporation, and therefore they cannot be held individually liable for any violation of the ADA or
26 Unruh Act. (*See* Docs. 27-3; 27-4.) Defendants further contend that since the Restaurant closed
27 on or about March 15, 2015, Plaintiff no longer has standing to pursue any actionable claim under
28 the ADA or Unruh Act, and therefore this Court also lacks supplemental jurisdiction over any

4

related state-law claims. (*See* Docs. 27-1; 27-3.)

Plaintiff contends the Court retains jurisdiction because the principals/shareholders of the Restaurant are subject to individual liability as "hands-on operators of the Restaurant" and as "operators" of the Restaurant "during Plaintiff's initial visit." The individual principals/shareholders are responsible for the barriers Plaintiff encountered at the Restaurant, and are also responsible for the failure to remedy the barriers to Plaintiff's full and equal access to the restaurant property when he visited the "new" leasee Yem Kebob. (Doc. 28, pp. 6-9.) Plaintiff further contends that his claims are not mooted regardless of whether the Restaurant closed on March 15, 2015, because the restaurant property continues to be used and open to the public. (Doc. 28, p. 10.)

**A.  The Court Retains Supplemental Jurisdiction Over Plaintiff's State Law Claims Against Defendants Fatemeh Saniefar, Gholamreza Saniefar, and Zlfred's, Inc.**

Defendants Fatemeh Saniefar and Gholamreza Saniefar closed the operations of their Restaurant on March 15, 2015. (Doc. 27-4.) Regardless of Plaintiff's belief regarding their motivation to do so, the fact that the Restaurant is no longer in operation extinguishes Plaintiff's claim for prospective injunctive relief against the owners and operators of the Restaurant under Title III of the ADA. *See Kohler v. Southland Foods, Inc.*, 459 F. App'x 617 (9th Cir. 2011).[2]

If these Defendants were the *only* defendants in the case, in the absence of any available relief under federal law, the Court would be compelled to decline to exercise its supplemental jurisdiction over Plaintiff's state-law claims and Plaintiff would have to pursue his claims in state court. 28 U.S.C. § 1367(c)(3). *See Kohler*, 459 F. App's 617-18; *City of Colton v. American Promotional Events, Inc. West*, 614 F.3d 998, 1008 (9th Cir. 2010).

---

[2] Both parties devoted a considerable amount of time and argument to the issue of whether Plaintiff had standing to sue under the ADA once the Restaurant was closed, and premised much of the discussion on the Central District of California's decision in *Kohler*. However, when the Ninth Circuit reviewed *Kohler*, it specifically held that the closure of a defendant business in an ADA case did not affect the plaintiff's standing because "standing 'turns on the facts as they existed at the time the plaintiff filed the complaint,' and not on later developments." *Kohler*, 459 F. App'x at 618 (citing *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007)).

However, the Defendant Landlord remains an appropriate party to the case.[3] As owner of the property, where Yem Kabob, a restaurant open to the public, continues to operate, the Defendant Landlord remains liable for ongoing violations of the ADA. 42 U.S.C. § 12182(a) (the ADA's prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation"); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001). The express terms of the ADA hold a landlord liable for noncompliance. *Id.*; *see, e.g., Botosan v. Fitzhugh*, 13 F. Supp. 2d 1047 (S.D. Cal. 1998) (owner of property liable under ADA based on restaurant's lack of accommodation.) Because the Court has and retains original jurisdiction over the ADA claim against the Defendant Landlord, the Court also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a).

The same standard for supplemental jurisdiction governs both pendent claims and pendent parties. *Id.* The Court therefore has discretion to exert its supplemental jurisdiction to hear Plaintiff's state law claims against Defendant Landlord, *as well as* Plaintiff's remaining state law claims against Defendants Fatemeh Saniefar, Gholamreza Saniefar, and Zlfred's, Inc. *Id.* at subds. (a)-(c); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-727 (1966) (a federal court in its discretion may exercise jurisdiction over pendent state claims if the state and federal claims "derive from a common nucleus of operative fact" such that the plaintiff's claims "ordinarily would be expected to be tried in one judicial proceeding"). *But see Wilson v. PFS, LLC*, 493 F. Supp. 2d 1122, 1126 (S.D. Cal. 2007) (noting that the Court may decline supplemental jurisdiction over plaintiffs' state law claims in an effort to discourage forum shopping and enable California courts to have the opportunity to interpret California law); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Restaurant*, 406 F. Supp. 2d 1120, 1131-32 (S.D. Cal. 2005) (same).

---

[3] The Court notes that Defendants did not include any argument pertaining to the Bost Trust defendant in their motion for judgment on the pleadings.

6

In sum, because there remains a federal claim against Defendant Landlord, the Court retains supplemental jurisdiction over the remaining state law claims against Defendants Fatemeh Saniefar, Gholamreza Saniefar, and Zlfred's, Inc., notwithstanding that the ADA claim against these defendants has become moot.

**B. Although Defendant Zlfred's, Inc., is the Registered and Legal Owner of the Restaurant, Defendants Fatemeh Saniefar and Gholamreza Saniefar May Be Individually Liable as Operators of the Restaurant**

Defendants contend that Fatemeh and Gholamreza Saniefar have no individual liability for any barriers to Plaintiff's access to the Restaurant because Zlfred's, Inc., was the registered owner of the Restaurant at the time of Plaintiff's visit. (Docs. 27-1; 29.) However, liability for failure to accommodate under ADA, as incorporated by the Unruh Act, is imposed on both "owners" *and* "operators" of places of public accommodation. *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004); Cal. Civil Code, § 51, *et seq.*; *see also Wilson v. Haria and Gogri Corp.*, 479 F. Supp. 2d 1127, 1138 (E.D. Cal. 2007) ("the Unruh Act must be interpreted 'in the broadest sense reasonably possible' in order to 'banish discriminatory practices from California's community life.'").

In his declaration, Gholamreza Saniefar stated that he is President and shareholder of Zlfred's, Inc., the company that owned and operated the Restaurant. (Doc. 27-4, ¶¶ 2-3.)[4] Gholamreza Saniefar is 80-years old and Fatemeh Saniefar is 69-years old. (Doc. 27-4, ¶ 4.) "Due to [their] age and [his] weakening health" both Gholamreza Saniefar and Fatemeh Saniefar "have been preparing to retire since approximately 2013." (Doc. 27-4, ¶ 4.) Since that time, Gholamreza Saniefar has "attempted to hire new management to continue the operations of the Company and the Restaurant. However, [he has] been unable to find new management for the Company and the Restaurant that would be financially feasible. As a result, the operations of the Company and the Restaurant ceased on or around March 15, 2015." (Doc. 27-4, ¶ 5.)

The Ninth Circuit has defined the scope of the verb "to operate" to mean "to put or keep in operation," "to control or direct the functioning of," or "to conduct the affairs of; manage."

---

[4] Both parties devoted significant discussion to whether alter ego liability can be found based on the facts of the present case. However, such an inquiry is only necessary if both Fatemeh Saniefar and Gholamreza Saniefar were *not* "operators" of the Restaurant within the meaning of the ADA, as incorporated by the Unruh Act.

7

*Lentini*, 370 F.3d at 849 (affirming an award of damages under the Unruh Act because the individual defendant possessed "requisite authority" as "director" of the property to "qualify as an 'operator'" under the ADA (citing *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 217 (E.D.N.Y. 1999) (the relevant standard is whether the individual "ha[d] the power to facilitate any necessary accommodation"))); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1335 (N.D. Cal. 1994) (the operator requirement "retains accountability for those in a position to ensure nondiscrimination" (emphasis added)).

Using these guidelines, and based on Gholamreza Saniefar's declaration stating that he and his wife were so necessary to the management of the Restaurant that their retirement directly led to the closure of operations of the Restaurant, it is feasible that both Fatemeh Saniefar and Gholamreza Saniefar were "operators" of the Restaurant within the meaning of the ADA and Unruh Act, and are therefore individually liable for any failure to accommodate. However, because such allegations are not clearly pled within the Complaint, the Court will permit Plaintiff to amend the complaint to sufficiently allege facts demonstrating that Defendants Fatemeh Saniefar and Gholamreza Saniefar were operators of the Restaurant within the meaning of the Unruh Act at the time that Plaintiff encountered barriers to his access to the Restaurant.

## VII.   CONCLUSION AND ORDER

Defendants' motion for judgment on the pleadings is GRANTED IN PART. For the reasons set forth above, IT IS HEREBY ORDERED that:

1.   Plaintiff's federal ADA claims against Defendants Fatemeh Saniefar, Gholamreza Saniefar, and Zlfred's, Inc., are DISMISSED as moot; and

2.   Plaintiff's state law claims against Defendants Fatemeh Saniefar and Gholamreza Saniefar are DISMISSED with leave to amend.

IT IS SO ORDERED.

Dated:   **June 2, 2015**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

8