# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FATEMAH SANIEFAR, d/b/a ZLFRED'S; GHOLAMREZA SANIEFAR d/b/a ZLFRED'S; ZLFRED'S, INC., a California corporation; ALIREZA SANIEFAR, Trustee of the BOST TRUST,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-01067-SKO<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR COSTS AND GRANTING IN PART DEFENDANTS' REQUEST FOR COSTS**<br><br>(Docs. 110 & 112) |

Before the Court are Plaintiff's Bill of Costs ("Plaintiff's Request for Costs"), (Doc. 112), and Defendants' Bill of Costs ("Defendants' Request for Costs"), (Doc. 110). For the reasons that follow, the Court DENIES Plaintiff's Request for Costs, (Doc. 112), and GRANTS IN PART Defendants' Request for Costs, (Doc. 110).

## I.　BACKGROUND

This action involved allegations that features of a restaurant owned or operated by Defendants violated certain provisions under the Americans with Disabilities Act (the "ADA") and California state law. Plaintiff filed the operative Second Amended Complaint on June 4, 2015. (Doc. 32.) In Plaintiff's First Claim, he alleged that Defendants violated the ADA. (*See id.* ¶¶ 17–38.) Plaintiff's Second Amended Complaint also included two state law claims, in which Plaintiff alleged that Defendants violated certain provisions of California's Unruh Act and the

California Health and Safety Code. (*See id.* ¶¶ 39–51.)

Defendants filed their answer to the Second Amended Complaint on June 22, 2015. (Doc. 33.) Defendants' answer included a counterclaim, in which Defendants alleged that Plaintiff and other Counter-Defendants violated the Racketeer Influenced and Corrupt Practices Act (the "RICO Counterclaim"). (*See id.* ¶¶ 58–84.)

Plaintiff and Counter-Defendants filed a motion to dismiss Defendants' RICO Counterclaim on July 20, 2015. (Doc. 41.) In its order entered on May 12, 2016 (the "Dismissal Order"), the Court granted this motion to dismiss. (Doc. 79 at 18.) In its Dismissal Order, the Court stated that Defendants' RICO Counterclaim "is dismissed without leave to amend at this time, but without prejudice." (*Id.*) The Court further stated that Defendants' RICO Counterclaim "may be brought in the future." (*Id.*)

Defendants subsequently filed a Motion for Summary Judgment, or Alternatively Summary Adjudication on November 23, 2016. (Doc. 90.) In its order entered on May 29, 2017 (the "Summary Judgment Order"), the Court granted summary judgment in favor of Defendants. (Doc. 108.) As to Plaintiff's ADA claim, the Court found that "this claim is moot" and, as such, "the Court lacks subject-matter jurisdiction over Plaintiff's ADA claim." (*Id.* at 14.) The Court therefore dismissed Plaintiff's ADA claim with prejudice. (*Id.*) The Court further "decline[d] to exercise supplemental jurisdiction over Plaintiff's remaining state law claims" and dismissed these state law claims without prejudice. (*Id.* at 18.) The Court noted that "Plaintiff remains free to file his state law claims in state court." (*Id.*)

On April 6, 2017, Defendants filed Defendants' Request for Costs. (Doc. 110.) Plaintiff filed an opposition brief to Defendants' Request for Costs on April 12, 2017, (Doc. 111), and Defendants filed a responsive brief in favor of Defendants' Request for Costs on April 18, 2017, (Doc. 113).

On April 12, 2017, Plaintiff filed Plaintiff's Request for Costs. (Doc. 112.) Defendants filed an opposition brief to Plaintiff's Request for Costs on April 19, 2017, (Doc. 115), and Plaintiff filed a responsive brief in favor of Plaintiff's Request for Costs on April 24, 2017, (Doc. 116).

2

Thus, both Plaintiff's Request for Costs and Defendants' Request for Costs are fully briefed and ready for disposition.

## II. PLAINTIFF'S REQUEST FOR COSTS

Turning first to Plaintiff's Request for Costs, Plaintiff requests costs associated with his defense of Defendants' RICO Counterclaim. (*See, e.g.*, Doc. 111 at 4–5.) For the reasons that follow, the Court finds that Plaintiff's request lacks merit.

"[T]he award of costs is governed by federal law under Rule 54(d)" as "a general proposition." *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987); *see, e.g.*, *United States v. Safeco Ins. Co. of Am.*, 116 F.3d 487, at *2 (9th Cir. 1997) ("As a general proposition, an award of costs is governed by federal law . . . under Rule 54(d)." (citations omitted)); *United Cal. Bank v. THC Fin. Corp.*, 557 F.2d 1351, 1361 (9th Cir. 1977) (applying federal law as to costs and California state law on the issue of attorneys' fees); *Bmo Harris Bank N.A. v. Singh*, Case No. 1:16-cv-00482-DAD-SAB, 2016 WL 5798841, at *14 (E.D. Cal. Oct. 4, 2016) ("In a diversity action, federal not state law controls the issue of costs." (citing *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995))); *Am. Boat Racing Ass'n v. Richards*, No. 2:14–cv–1909–KJM–KJN, 2015 WL 1320956, at *8 (E.D. Cal. Mar. 24, 2015) ("[F]ederal law governs the award of costs even in a diversity action." (citing *DCI Sols. Inc. v. Urban Outfitters, Inc.*, No. 10cv0369–IEG (BGS), 2012 WL 1409610, at *2 (S.D. Cal. Apr. 23, 2012))). Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." "By its terms, [Rule 54(d)(1)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)). However, "[t]o permit proper review, a district court may not deny costs to a prevailing party without specifying reasons for the refusal." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (citation omitted).

Defendants argue that Plaintiff lacks the requisite "prevailing party" status to receive costs under Rule 54(d)(1). (*See* Doc. 115 at 2–5.) The Court agrees. "The issue of whether [a party] is

3

entitled to its costs . . . turns on the definition of a prevailing party," as this term is used in Rule 54(d)(1), "and whether [the party] meets this definition." *Phillips v. P.F. Chang's China Bistro, Inc.*, Case No. 15-cv-00344-RMW, 2016 WL 3136925, at *2 (N.D. Cal. June 6, 2016). The Supreme Court has noted that "prevailing part[ies]" include those parties who "received a judgment on the merits or obtained a court-ordered consent decree." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001) (citations omitted). Such judgments or consent decrees "create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Id.* at 604 (citation omitted).

As to the types of judgments that give rise to prevailing-party status, the Ninth Circuit "has stated that 'a dismissal with prejudice is tantamount to a judgment on the merits.'" *Pickman v. Am. Express Co.*, No. C 11–05326 WHA, 2012 WL 1357636, at *4 (N.D. Cal. Apr. 17, 2012) (quoting *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), *abrogated on other grounds by Ass'n of Mexican-Am. Educators*, 231 F.3d 572). A dismissal *without* prejudice, on the other hand, "does not alter the legal relationship of the parties because the [party] remains subject to the risk of re-filing." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008). Consequently, a "dismissal without prejudice [does] not confer prevailing party status upon [a party]." *Id.* at 982.

Here, in its Dismissal Order, the Court dismissed Defendants' RICO Counterclaim "without prejudice" and stated that this claim "may be brought in the future." (Doc. 79 at 18.) As such, Plaintiff remained subject to the risk of Defendants re-filing this claim in this Court[1] and this dismissal did not alter the legal relationship of the parties. The Court's dismissal of Defendants' RICO Counterclaim therefore did not confer prevailing-party status upon Plaintiff. *Oscar*, 541 F.3d at 981 (stating that a dismissal without prejudice "does not alter the legal relationship of the parties because the [party] remains subject to the risk of re-filing")

Plaintiff nonetheless argues that the Court's Dismissal Order altered the legal relationship of the parties because the Court dismissed Defendants' RICO Counterclaim without leave to

---

[1] Indeed, Defendants did subsequently file their RICO Counterclaim against Plaintiff in another case in this District. *See Saniefar v. Moore*, Case No. 1:17-cv-00823-LJO-BAM (E.D. Cal.).

4

amend. (*See* Doc. 116 at 9–11.) The Court is not persuaded by this argument. While the Court denied Defendants leave to amend their RICO Counterclaim at that time, this portion of the ruling was immaterial to whether Plaintiff was a prevailing party. The pertinent consideration is not whether Plaintiff faced risk of Defendants again presenting this counterclaim in the same action, but whether Plaintiff continued to face the future risk of Defendants filing this claim against Plaintiff before the same court. *See Oscar*, 541 F.3d at 981–82 (stating that a dismissal without prejudice does "not confer prevailing party status upon" a party because the party "remains subject to the risk of re-filing"). Here, Plaintiff faced the same risk both before and after the Dismissal Order—specifically, regardless of the ruling, Plaintiff remained subject to the same claim before the same court. *See generally Semtek Int'l, Inc v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). In other words, the legal relationship of the parties as to Defendants' RICO Counterclaim was not altered by the Court's Dismissal Order. Consequently, Plaintiff was not a prevailing party, regardless of whether Defendants were granted leave to amend their RICO Counterclaim at that time.

For these reasons, the Court finds that the Court's Dismissal Order did not confer prevailing-party status upon Plaintiff. As Plaintiff was not the prevailing party, the Court finds that he is not entitled to costs under Rule 54(d)(1). The Court therefore DENIES Plaintiff's Request for Costs. (Doc. 112.)[2]

### III. DEFENDANTS' REQUEST FOR COSTS

In Defendants' Request for Costs, Defendants also request their costs associated with this litigation. (*See, e.g.*, Doc. 113.) For the reasons that follow, the Court finds that Defendants are entitled to only certain costs.

Unlike Plaintiff's Request for Costs, Rule 54(d) does not govern Defendants' Request for Costs. Specifically, the Ninth Circuit has stated that "costs under Rule 54(d) may not be awarded

---

[2] At the conclusion of their opposition brief to Plaintiff's Request for Costs, Defendants request that the Court "make a finding" that Plaintiff's Request for Costs "was frivolous and/or not made in" good faith and "strike" Plaintiff's Request for Costs. (Doc. 115 at 5.) The Court finds that a finding at this juncture regarding whether Plaintiff's Request for Costs was either frivolous or not made in good faith is inappropriate. The Court therefore declines Defendants' invitation to make this finding, or to strike Plaintiff's Request for Costs.

5

where an underlying claim is dismissed for lack of subject matter jurisdiction, for in that case the dismissed party is not a 'prevailing party' within the meaning of Rule 54(d)." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003). Instead, "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919." *Id.* at 988 n.2.

In its Summary Judgment Order, the Court found that it lacked subject-matter jurisdiction over Plaintiff's sole federal claim under the ADA. (*See* Doc. 108 at 14.) The Court then dismissed Plaintiff's ADA claim and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*See id.* at 14–18.) As the Court dismissed Plaintiff's pertinent underlying federal claim for lack of subject-matter jurisdiction, Defendant is not entitled to costs under Rule 54(d). *See Miles*, 320 F.3d at 988. Rather, the determination of whether Defendant is entitled to costs is governed by 28 U.S.C. § 1919. *See id.* at 988 n.2.

Section 1919 states, in pertinent part, that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." Section 1919 "is explicitly a discretionary cost statute." *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012). "The court's authority under § 1919 was manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." *Id.* (citation omitted). "But the mere fact that authority" to award costs is granted by Section 1919 "does not mean that costs are mandated." *Id.* at 1158.

"In determining 'just costs' under [Section] 1919, a district court should consider what is most fair and equitable under the totality of the circumstances." *Id.* at 1157. This is a "case-by-case approach based on the circumstances and equities of each case." *Id.* (citation omitted).

Unlike Rule 54(d), Section 1919 "does not turn on which party is the 'prevailing party.'" *Miles*, 320 F.3d at 988 n.2. "[I]n fact, applying such a presumption or its substantial equivalent is reversible error." *Malhotra v. Steinberg*, No. C09–1618JLR, 2013 WL 2634892, at *2 (W.D. Wash. June 12, 2013) (citing *Otay*, 672 F.3d at 1157). "Likewise, there is no presumption that costs are 'just' solely because a party necessarily incurred them defending against litigation." *Id.* (citing *Otay*, 672 F.3d at 1157).

6

"Although 'just costs' is a unitary standard, it involves a two step analysis—whether an award of costs is just and equitable and, if so, the appropriate amount of costs." *Otay*, 672 F.3d at 1157. "[T]he Ninth Circuit has articulated four factors for district courts to consider" when determining whether to award costs under Section 1919: (1) "the role played by exigent circumstances, such as hardship, prejudice, or culpable behavior by the parties (although it is clear that costs may be awarded absent exigent circumstances)," (2) "the strength of the plaintiff's jurisdictional claim," (3) "the significance of pending parallel litigation in state court," and (4) "other equitable considerations, as encapsulated by the question 'what is fair here?'" *Malhotra*, 2013 WL 2634892, at *2 (citing *Otay*, 672 F.3d at 1158–59). These are non-exclusive factors and courts need not address all of the factors "in every case." *Otay*, 672 F.3d at 1157. Finally, "a cost award under § 1919 . . . lies within the sound discretion of the district court." *Id.* at 1156 (citation omitted).

The Court finds that these pertinent considerations weigh in favor of an award of costs, albeit a significantly smaller award than requested by Defendants. While the parties have alleged various forms of culpable conduct throughout this litigation, (*see, e.g.*, Doc. 58 (constituting Defendants' Motion for Sanctions Against Plaintiff and His Attorneys of Record)), this factor is neutral because the Court has not made a determination regarding whether any party has committed bad acts. Additionally, the Court is unaware of any pending parallel litigation in the state courts, so this factor is similarly neutral.

Ultimately, the Court is left to find an equitable outcome in this case. Based on the facts and circumstances of this matter, the Court finds that Defendants are entitled to at least some measure of costs. Parties often settle similar ADA cases at an early posture to avoid costly and potentially unsuccessful litigation. *See, e.g.*, *Org. for the Advancement of Minorities with Disabilities Suing on Behalf of its Members v. Brick Oven Rest.*, No. 05–CV–1224IEGBLM, 406 F. Supp. 2d 1120, 1130 n.8 (S.D. Cal. 2005) ("Rarely . . . do ADA cases filed in . . . federal court proceed past the discovery stage because experienced ADA plaintiffs have honed their litigation strategies so that it is usually cheaper and more efficient for defendants to settle than fight these . . . cases."). Early settlement in such cases may certainly be reasonable depending on numerous

considerations, such as the merits of the plaintiff's claims and the resources of the parties. Nonetheless, while litigating an ADA case—or any case, for that matter—carries inherent risk, parties should receive some form of incentive to eschew an early unfavorable settlement in favor of pursuing meritorious litigation positions. *Cf. Mercer Island Sch. Dist. v. D.M.*, No. C03-3925JLR, 2005 WL 1126921, at *2 n.2 (W.D. Wash. May 10, 2005) (noting that "[a]ttorneys' fee provisions in federal statutes exist in part to encourage parties to pursue meritorious claims" (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983))). The Court thus finds that public policy favors providing at least a modest incentive for parties to pursue meritorious arguments in ADA cases, rather than immediately capitulating to a settlement.

Here, Defendants took a risk in litigating this case and pursuing a legal argument that reached a successful result. They should receive some measure of costs for taking this worthwhile risk. For these reasons, the Court finds that the equities in this case favor an award of costs to Defendants.

The Court finds, however, that the equities only favor awarding Defendants costs they incurred when pursuing their meritorious jurisdictional argument. The Court is mindful that, in addition to the costs associated with Defendants' successful jurisdictional argument, Defendants incurred costs in litigating the merits of Plaintiff's claims, as well as Defendants' RICO Counterclaim. However, those costs were completely unrelated to Defendants' meritorious jurisdictional argument. In other words, those costs had no bearing on the outcome of this litigation. The Court therefore finds that the equities weigh heavily against an award for such costs. Instead, the Court shall award Defendants *only* those costs they incurred in association with their meritorious jurisdictional argument.

Turning to the amount of the award of costs, the costs Defendants incurred in pursuing their successful jurisdictional argument are limited in scope. This was a legal argument, so it required minimal discovery. Indeed, the only costs identified by Defendants in Defendants' Request for Costs that are clearly associated with this argument include the following: (1) $68.95 for service on Plaintiff of Defendants' answer to Plaintiff's operative complaint, (*see* Doc. 110 at 9–10); (2) $5.80 for a courtesy copy of Defendants' answer for the Court's chambers, as required

under the Local Rules, (*see id.* at 49); (3) a $40 daily fee for the use of Plaintiff's expert, Michael Bluhm, who provided support for Defendants' assertion that they remedied the alleged violations,[3] (*see* Doc. 113 at 10; *see also* Doc. 97, Ex. 11 (constituting Mr. Bluhm's report)); (4) $1,114.08 for the deposition transcript of Mr. Bluhm, (*see* Doc. 110 at 18 & 29), (5) $222.00 to produce copies of the exhibits used during the deposition of Mr. Bluhm, (*see id.* at 50); and (6) $361.55 for the deposition transcript of Kelly Bray, (*see id.* at 18 & 28), who also provided support for Defendants' assertion that they remedied the alleged barriers, (*see, e.g.*, Doc. 90, Ex. 5). These appropriately limited costs are recoverable by Defendants. *See, e.g.*, 28 U.S.C. § 1920 (providing, in relevant part, that a court "may tax" as costs "[f]ees of the clerk and marshall," "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," "[f]ees and disbursements for printing and witnesses," and "costs of making copies of any materials where the copies are necessarily obtained for use in the case"). *See generally Malhotra v. Steinberg*, No. C09–1618JLR, 2013 WL 2634892, at *3 (W.D. Wash. June 12, 2013) ("[C]ourts applying section 1919 look for guidance to 28 U.S.C. § 1920 . . . ." (citing *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1160 (9th Cir. 2012))). These limited costs result in a total pertinent cost amount of $1,812.38. Based on the equities in this case, the Court finds that Defendants are entitled to recover *only* this amount in costs.

For these reasons, the Court GRANTS IN PART Defendants' Request for Costs. (Doc. 110.) The Court finds that Defendants are entitled to costs in the amount of $1,812.38.

//

//

//

//

---

[3] Plaintiff argues that Defendants are not entitled to any expert fees for Mr. Bluhm. (*See* Doc. 111 at 7.) 28 U.S.C. § 1920(6) provides that the Court may tax as costs "[c]ompensation of court appointed experts." *See generally Malhotra v. Steinberg*, No. C09–1618JLR, 2013 WL 2634892, at *3 (W.D. Wash. June 12, 2013) ("[C]ourts applying section 1919 look for guidance to 28 U.S.C. § 1920 . . . ." (citing *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1160 (9th Cir. 2012))). Mr. Bluhm was not a court-appointed expert, so this provision is inapplicable here. Nonetheless, Defendants may receive the basic witness fee of $40 for Mr. Bluhm under 28 U.S.C. § 1821(b). *See, e.g.*, *Tatum v. Schwartz*, Civil No. 2:06-CV-01440-JAM-EFB, 2008 WL 4826121, at *2 (E.D. Cal. Nov. 5, 2008) (finding that the defendants could not recover expert fees under Section 1920(6) for an expert who was not appointed by the court and, instead, they could "only receive basic witness fees under 28 U.S.C. § 1821").

## IV. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Request for Costs, (Doc. 112), and GRANTS IN PART Defendants' Request for Costs, (Doc. 110). The Court ORDERS that Defendants shall receive $1,812.38 in costs.

IT IS SO ORDERED.

Dated: **October 2, 2017**         /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE